IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHY BRANNAN,

          *Plaintiff*,

vs.

UNIFIED SCHOOL DISTRICT 211,

          *Defendant.*

Case No.11-1128-EFM

**MEMORANDUM AND ORDER**

This is a wrongful termination case. Plaintiff, Cathy Brannan, alleges that Defendant, Unified School District 211, terminated her in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Kansas law. This matter is before the Court on Plaintiff's motion for remand (Doc. 10). For the reasons stated below, the Court denies Plaintiff's motion.

**I. Background**

Plaintiff, Cathy Brannan, was formerly employed as a full-time custodian by Defendant, Unified School District 211, in Norton County, Kansas. Highly summarized, Plaintiff alleges that Defendant interfered with her FMLA rights by denying her request for medical leave to care for her daughter in Alaska, terminated her in retaliation for exercising her FMLA rights, and violated its implied employment contract with her by failing to follow its leave procedures in handling her leave request. Because of Defendant's alleged wrongful behavior, Plaintiff filed this action, which

consists of two FMLA claims and one state-law claim, in the District Court of Norton County, Kansas.

Defendant removed Plaintiff's action to this Court. Shortly thereafter, the Court issued an Order directing Defendant to show cause why this matter should not be remanded to state court, as Defendant is a citizen of Kansas.[1] In response, Defendant stated that because Plaintiff's petition asserted claims under federal law, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which, under § 1441(b), renders the parties' citizenship irrelevant. Agreeing with Defendant, the Court withdrew its earlier Order. Now before the Court is Plaintiff's motion for remand.

## II.  Standard for Motion for Remand

A civil action filed in state court is removable only if it could have originally been brought in federal court.[2] The party requesting removal has the burden of establishing the Court's jurisdiction.[3] "Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction."[4] If there are any doubts regarding the Court's jurisdiction, the Court must resolve these doubts in favor of remand.[5] When determining whether removal is proper, the Court must consider the sufficiency of the plaintiff's complaint at the time of removal.[6]

---

[1] *See* Doc. 6.

[2] *See* 28 U.S.C. § 1441(a).

[3] *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1084-85 (D. Kan. 2006).

[4] *Turner v. Lester*, 2008 WL 2783544, at *2 (D. Kan. July 17, 2008).

[5] *See, e.g., Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999).

[6] *See, e.g., Storlein v. Weigand, M.D.*, 2006 WL 3068878, at *2 (D. Kan. Oct. 25, 2006).

### III. Analysis

In her motion, Plaintiff presents two arguments in support of remand: first, pursuant to 28 U.S.C. § 1441(c), that the Court should exercise its discretion to remand this action to state court, and second, because every witness and relevant document is located in Norton County, which is approximately 275 miles away from Wichita, the federal forum is inconvenient, and, pursuant to § 1441(e)(6), the Court should remand her action back to the District Court of Norton County.

Plaintiff's first argument lacks merit. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.[7]

Based on her motion, it is unclear whether Plaintiff is requesting that the Court remand only her state-law claim or the entire case. To the extent Plaintiff is seeking a partial remand, her request is not well made. Partial remand is warranted only if the state-law claim is separate and independent. Here, all of Plaintiff's claims arise out of a series of connected events, namely Defendant's denial of Plaintiff's request for medical leave and its subsequent termination of Plaintiff's employment for taking such leave. As a result, Plaintiff's claims are related, and the Court should not exercise its discretion to remand Plaintiff's state-law claim.[8] To the extent Plaintiff is seeking a remand of the

---

[7] 28 U.S.C. § 1441(c).

[8] *See, e.g., Julie White v. The Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 2008 WL 191422, at *2 (D. Kan. Jan. 22, 2008) (citing *Holden v. Goodyear Tire & Rubber Co.*, 1999 WL 280417, at *1 (D. Kan. Apr. 29, 1999)).

entire case, such a request should be denied because that type of relief is not available under § 1441(c).[9]

As for Plaintiff's reliance on § 1441(e)(6), a statutory provision recognizing the Court's ability to transfer and dismiss cases on the ground that the federal forum is an inconvenient forum, it too is misplaced.  First, transfer to the desired court is not possible in this case because the Court is only permitted to transfer matters to other federal courts, which the District Court of Norton County obviously is not.[10]  Second, dismissal, which would require the application of the common-law doctrine of *forum non conveniens*,[11] is not a viable option.  In order for a case to be dismissed on inconvenient-forum grounds, foreign, i.e., non-American, law must apply.[12]  Therefore, because American law unquestionably applies to all of Plaintiff's claims, dismissal is not warranted.  Accordingly, Plaintiff's second argument does not provide a basis for remand.

---

[9]*See, e.g., RMP Consulting Grp., Inc. v. Dactronic Rental Corp.,* 1999 WL 617690, at *4 (10th Cir. Aug. 16, 1999); *Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay*, 696 F.2d 780, 781-82 (10th Cir. 1983).  Remand of an entire case is proper only pursuant to 28 U.S.C. § 1447(c).  Under § 1447(c), remand of an entire case is permitted only when the Court lacks subject-matter jurisdiction or there were defects in the removal process.  *See, e.g., Christenson Media Grp., Inc. v. Lang Indus., Inc*. 2011 WL 1060968, at *2 (D. Kan Mar. 21, 2011) (citing *Huffman v. Saul Holdings, Ltd. P'ship*,194 F.3d 1072, 1076 (10th Cir. 1999)).  Here, it is undisputed that the Court has subject-matter jurisdiction over Plaintiff's action pursuant to §§ 1331 and 1367(a).  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).  Further, Plaintiff has not pointed to, and the Court has not discovered, any removal defects.  Therefore, § 1447(c) is not applicable in this case.

[10]*See, e.g., Billings, M.D., v. Clinitec Intern., Inc.*, 2000 WL 1072167, at *3 (D. Kan. July 25, 2000); 28 U.S.C. § 610 ("As used in this chapter the word 'courts' includes the courts of appeals and district courts of the United States . . . .").

[11]*See Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429-30 (2007) (noting the fact that the common-law doctrine of *forum non conveniens* has continued application in instances where a party seeks to have a case currently in federal court dismissed on inconvenient-forum grounds) .

[12]*See, e.g., Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1178 (10th Cir. 2009) (citing *Rivendell Forest Prods., Ltd. v. Can. Pac. Ltd.*, 2 F.3d 990, 993 n.4 (10th Cir. 1993)).

In sum, Plaintiff has failed to establish that this case should be remanded to the District Court of Norton County. As a result, Plaintiff's motion should be denied.[13]

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (Doc. 10) is hereby DENIED .

**IT IS SO ORDERED.**

Dated this 27th day of July, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] Because the Court denies Plaintiff's motion on substantive grounds, the Court does not need to reach Defendant's procedural argument that the motion should be denied because it was not accompanied by a memorandum.